918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ECOLOCHEM, INC., Plaintiff-Appellee,
v.
MOBILE WATER TECHNOLOGY CO., Defendant-Appellant.
 No. 90-1297.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1990.
 
 Before MARKEY, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 MARKEY, Circuit Judge.
 Appeal from a denial by the District Court for the Eastern District of Arkansas (Henley, J.) of Mobile Water Technology Co.'s (Mobile's) Rule 60(b)(3) Motion to Set Aside the Judgment. We affirm.
 
 Background
 
 1
 On June 30, 1988, Ecolochem, Inc. (Ecolochem), obtained a judgment that its U.S. Patent No. 4,556,492 was not invalid and was infringed by Mobile. Ecolochem, Inc. v. Mobile Water Technology Co., 690 F.Supp. 778 (E.D.Ark.1988). That judgment was affirmed by this court in an unpublished opinion. Ecolochem, Inc. v. Mobile Water Technology Co., No. 88-1550, February 24, 1989. On June 21, 1989, Mobile moved to set aside the judgment of June 30, 1988 and grant it either a judgment of invalidity or a new trial.
 
 
 2
 The district court correctly found that Mobile had not met its burden with clear and convincing evidence that Ecolochem's failure to call to its attention Examiner Clinton's post-trial rejections of claims in a continuing application required a grant of the motion. The court found that the challenged statements of Ecolochem were opinions, not misrepresentations of fact; that Examiner Clinton did not consider a complete evidentiary record; that the rejections were not final; that Ecolochem had no duty to disclose the rejections, Mobile having requested no discovery with respect to continuing applications; and that Ecolochem's actions did not prevent Mobile from fully and fairly arguing its defense. Mobile has shown no basis on which we could determine that those findings are clearly erroneous. Nor has Mobile shown any reversible error on the part of the district court.
 
 
 3
 We will deny Ecolochem's request for attorney fees. Though Mobile's appeal straddles the razor's edge of frivolity, Ecolochem's silence respecting the post-trial rejections supplied at least a colorable argument sufficient in light of the district court's statement, ("While it may be said that to a degree Ecolochem was lacking in candor") to raise equitable considerations preclusive of an award to Ecolochem of its attorney fees incurred on this appeal.